IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

MELISSA MENDORA HARLESS,

    Petitioner,

v.                                          Case No. 1:21-cv-00038

WARDEN, FPC ALDERSON,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Petitioner was convicted in the United States District Court for the Western District of Virginia of one count of conspiracy to distribute a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). On August 16, 2016, Petitioner was sentenced to 151 months of imprisonment, followed by a three-year term of supervised release. Petitioner's written plea agreement contained appellate and collateral attack waivers, and she did not file a direct appeal.

On January 14, 2021, while incarcerated at the Federal Prison Camp at Alderson, West Virginia ("FPC Alderson") Petitioner filed the instant petition seeking release to home confinement under the Coronavirus Aid, Relief, and Economic Security Act

("CARES Act"). (ECF No. 1). Her petition requests that she be "placed on home confinement as prescribed by the CDC initial listing as well at the 'original' criteria of being at risk of severe illness if the virus that causes COVID-19 is contracted." (*Id.* at 8). It further states "[t]he risk within the carceral environment based on the CDC is not pursuant to a percentage of time. Severe risk is severe risk." (*Id.*)

## ANALYSIS

A review of Petitioner's criminal docket sheet in the Western District of Virginia indicates that, in November of 2021, the Federal Bureau of Prisons ("BOP") released Petitioner to serve the remainder of her term of imprisonment on home confinement. Opinion and Order, *United States v. Harless*, No. 1:16-cr-00001-JPJ-PMS, ECF No. 653, at 2 (W.D. Va. Oct. 17, 2022). Thereafter, Petitioner unsuccessfully filed a Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(1)(A). *Id.* at 5-7. According to the BOP inmate locator on its website, Petitioner is being supervised by the Residential Reentry Management Office in Raleigh, North Carolina. Thus, it appears that her petition was mooted by her release from BOP custody.

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). When a case or controversy no longer exists, the claim is said to be "moot." In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See*, *e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 2006 WL 1194751 (4th Cir. 2007);

*Alvarez v. Conley*, 145 F. App'x 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, No. 3:06-cv-11, 2007 WL 2897942 (N.D. W. Va. 2007). Due to Petitioner's release from BOP custody, this federal court is no longer able to grant her requested relief. Therefore, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's § 2241 petition is now moot due to her release from BOP custody.

Even if Petitioner's petition is not moot, however, this Court does not have authority to order that Petitioner be placed on home confinement. *See* 18 U.S.C. § 3621(b). Pursuant to 18 U.S.C. § 3621, only the BOP has authority to designate a prisoner's place of imprisonment. *See also Trowell v. Beeler*, 135 F. App'x 590, 595 (4th Cir. 2005) (finding that "BOP must exercise its own independent judgment" under § 3621(b)). While the CARES Act expanded the BOP's authority to transfer a prisoner to home confinement, it did not grant courts authority to make decisions concerning a prisoner's place of confinement. *See Tillman v. Rickard,* No. 1:18-cv-01244, 2020 WL 2114571, * 1 (S.D.W. Va. May 4, 2020) (J. Faber) ("The CARES Act . . . vests greater discretionary authority to the Director of the Bureau of Prisons to lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement."); *Hardin v. Acting Warden F.C.I. Edgefield*, No. 9:20-cv-001420-SAL-BM, 2020 WL 3259761, *4 (D.S.C. May 6, 2020) ("[A]lthough the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, this court lacks jurisdiction to order home detention for Petitioner under this provision."); *United States v. McCann*, No. 5:13-cr-00052, 2020 WL 1901089, *3 (E.D. Ky. April 17, 2020) (finding that "the Court has no authority under [the CARES Act] to order that a prisoner be placed on home confinement"); *United States v. Read-Forbes*,

No. 12-cr-20099-01-KHV, 2020 WL 1888856, *5 (D. Kan. Aril 16, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."); *United States v. Engleson*, No. 13-cr-340-3 (RJS), 2020 WL 1821797, *1 (S.D.N.Y. April 10, 2020) (the "ultimate decision of whether to release an inmate to home confinement rests with the BOP"); s*ee also McCarson v. Reherman*, No. 2:20-01386-HMH-MGB, 2020 WL 2110770, *2 (D.S.C. May 4, 2020) ("The decision of whether to release an inmate to discretionary home confinement rest solely with the Bureau of Prisons."). Thus, the undersigned proposes that the presiding District Judge **FIND** that this Court lacks authority to grant Petitioner's release to home confinement and, therefore, Petitioner is entitled to no relief on her § 2241 petition filed herein.

## RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **RECOMMENDED** that the District Court **DENY** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) and dismiss this civil action from the docket of the Court.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, Petitioner shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific

written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner at her last known address.

October 31, 2023

Dwane L. Tinsley
United States Magistrate Judge